UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CRIMINAL ACTION NO. 4:21CR-00012-JHM

UNITED STATES OF AMERICA                                                      PLAINTIFF

V.

CHRISTOPHER BOWMAN                                                 DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by Defendant, Christopher Bowman, for an evidentiary hearing pursuant to *Franks v. Delaware* and to dismiss the case. [DN 23, DN 26]. The United States responded. [DN 30]. Bowman filed a reply. [DN 35]. Fully briefed, this matter is ripe for decision.

**I. BACKGROUND**

On May 20, 2021, the grand jury returned an indictment against Christopher Bowman charging him with possession with intent to distribute methamphetamine, possession with intent to distribute cocaine, and two counts of distribution of methamphetamine. [DN 1]. As part of the investigation in this case, detectives with the Madisonville-Hopkins County Vice/Narcotics Unit ("MHC") obtained a search warrant issued by Hopkins District Court Judge David Massamore to search Bowman's residence on August 27, 2020. Detective Jared Ward submitted an affidavit in support of the Application for a Search Warrant. The search warrant was executed on August 27, 2020, and detectives seized controlled substances, cell phones, drug paraphernalia, and cash. On August 31, 2020, detectives obtained a search warrant to search the cell phones of Bowman and his wife seized during the search of Bowman's residence. Bowman now files a motion for an evidentiary hearing pursuant to *Franks v. Delaware*. [DN 23 at 4].

## II. LAW

The Fourth Amendment states that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." U.S. CONST. amend. IV. "When probable cause is required, it is an obvious assumption that there will be a truthful showing of probable cause." *United States v. Witherspoon*, No. 1:09-CR-00041-TBR, 2010 WL 724663, *2 (W.D. Ky. Feb. 25, 2010) (citing *Franks v. Delaware*, 438 U.S. 154 (1978)). In challenging the veracity of statements contained in the affidavit, the defendant must prove by a preponderance of the evidence that "a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit." *Franks*, 438 U.S. at 155–56. "If this is established by the defendant, then the false material must be set aside in determining whether the remaining content is sufficient to establish probable cause." *Witherspoon*, 2010 WL 724663, *2 (citing *Franks*, 438 U.S. at 156). In the case where the remaining material fails to establish probable cause, "the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit." *Franks*, 438 U.S. at 156.

To be entitled to a *Franks* hearing, a defendant must (1) "make[ ] a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit," and (2) "the allegedly false statement is necessary to the finding of probable cause." *United States v. Graham*, 275 F.3d 490, 505 (6th Cir. 2001) (citation and internal quotation marks omitted). The Sixth Circuit's "well-settled framework for *Franks* hearings requires a defendant to 'point to *specific* false statements' and then 'accompany his allegations with an offer of proof.'" *United States v. Green*, 572 F. App'x 438, 442 (6th Cir. 2014) (quoting *United States v. Cummins*, 912 F.2d 98, 101, 103 (6th Cir. 1990)). Further, while alleged omissions on the part of the affiant are not excluded from consideration under *Franks*, "to be constitutionally problematic, the material must have been deliberately or

2

recklessly omitted and must have undermined the showing of probable cause." *United States v. Carpenter*, 360 F.3d 591, 596–97 (6th Cir. 2004). This does not mean, however, that officers must divulge every piece of exculpatory evidence in the affidavit. *Mays v. City of Dayton*, 134 F.3d 809, 816 (6th Cir. 1998) ("To interweave the *Brady* due process rationale into warrant application proceedings and to require that all potentially exculpatory evidence be included in an affidavit, places an extraordinary burden on law enforcement officers, compelling them to follow up and include in a warrant affidavit every hunch and detail of an investigation in the futile attempt to prove the negative proposition that no potentially exculpatory evidence had been excluded.").

### III. DISCUSSION

Bowman argues a *Franks* hearing is warranted because law enforcement had no search warrant at the time they searched the Bowman residence on August 27, 2020. [DN 23 at 5]. In support of this argument, Bowman maintains that (1) no search warrant was served on him at the time of the search, (2) discovery produced from the Commonwealth Attorney during the initial state prosecution reflected unsigned search warrants, applications, and affidavits, (3) copies of the search warrant documents produced by the United States to Bowman were not "returned" copies of the warrants filed with the Hopkins Circuit Court, (4) the return on the search of the residence was not made until September 3, 2020—one week after the search, and (5) the certified copy of the Hopkins Circuit Court file reflected multiple discrepancies in the time-stamped dates of the search warrants.

Specifically, Bowman points out that the three signed search warrants were time-stamped[1] by the district court clerk exactly one year *prior* to the dates otherwise contained on the documents. For instance, the search warrant of the residence signed by the District Court Judge on August 27,

---

[1] file-stamped

3

2020, was time-stamped by the Hopkins Circuit Clerk on September 3, 2019; the search warrant for the cell phone of Bowman's wife signed by the District Court Judge on August 31, 2020, was time-stamped by the Hopkins Circuit Clerk on September 3, 2019; and the search warrant for Bowman's cell phone signed by the District Court Judge on August 31, 2020, was time-stamped on September 2, 2019. [DN 23 at 4]. Bowman argues that the discrepancies between the dates on the three search warrants signed by the District Court Judge and the time-stamped dates reflecting the return of service which predate those documents raise troubling questions about the authenticity of the search warrants, including "whether search warrants existed at all at the time the residence and phones were searched by law enforcement, or, whether they were fraudulently manufactured after the search." [DN 23 at 5]. In fact, Bowman contends that "the Agent, aided by a judicial state court clerk, conspired to cover up an illegal search by filing and backdating a search warrant after the search was conducted." [DN 35 at 3].

In the present case, Bowman is not challenging the veracity of a particular statement contained in the affidavits supporting the search warrants, but rather is alleging that law enforcement officers acted fraudulently when they submitted the warrant application or fabricated the search warrant after the search had already occurred. This allegation implicates not only the conduct of Detectives Jared Ward and Justin Browning, but also Hopkins District Judge David Massamore and Hopkins District Court Deputy Clerk Sandy Meredith who time-stamped the documents.

A. *Franks* Hearing

The Sixth Circuit's "well-settled framework for *Franks* hearings requires a defendant to point to *specific* false statements and then accompany his allegations with an offer of proof." *Green*, 572 F. App'x at 442 (citation and quotation marks omitted) (emphasis in original). As discussed in more detail above, the proof tendered by Bowman is his wife's statement that they

4

were not shown a search warrant at the time of the search of his residence, the incomplete discovery related to the search warrants, and the time-stamps on the warrants reflect the wrong year. Assuming for purposes of this section that the *Franks* standard applies to this case[2], the Court concludes that Bowman failed to produce a substantial preliminary showing that Detective Ward, Detective Browning, Hopkins District Court Deputy Clerk Meredith, or District Court Judge Massamore fabricated the search warrants after the search was complete.

Instead, the record reflects that on August 27, 2020, Detective Ward met with Hopkins District Judge Massamore and swore out the search warrant authorizing the search of the Bowman's residence. The warrant was signed on August 27, 2020, and the executed warrant was returned to the Hopkins District Court Clerk on September 3, 2020. Hopkins District Court Deputy Clerk Meredith time-stamped the search warrant documents with an incorrect year. The computer database used by the clerk's office which tracks the filing of documents in a case demonstrates that the warrants issued in this investigation were returned to the Court on September 2 and September 3, 2020. [DN 30-4]. In fact, the affidavit of Detective Ward is time-stamped September 3, 2020. Additionally, a review of the public record of the state case confirms this same information. *Commonwealth v. Bowman*, 20-F-00424. A review of the docket sheet and the computer database reveal that the time-stamp discrepancy is a clerical error. Bowman presented no evidence " that would indicate that this was done intentionally or with reckless disregard for the truth. . . . [A]llegations of negligent mistake are not enough to trigger a *Franks* hearing." *United States v. Manning*, No. CRIM. 13-20-GFVT, 2015 WL 807574, at *27 (E.D. Ky. Feb. 23, 2015), aff'd, 652 F. App'x 397 (6th Cir. 2016). *See also United States v. Taylor*, No. 2:20-CR-

---

[2] In *United States v. Dixon*, the district court held that "*Franks* applies with equal force" to the instant situation, "as the standard in *Franks* was aimed at combatting the 'specter of intentional falsification.'" *United States v. Dixon*, No. CR 20-2-DLB-CJS, 2021 WL 915216, at *2 (E.D. Ky. Mar. 10, 2021). *But see United States v. Dixon*, No. 21-6001, 2022 WL 2715702, at *3 (6th Cir. July 13, 2022).

222-ECM-JTA, 2021 WL 7209524, at *9 (M.D. Ala. Sept. 13, 2021) (rejecting *Franks* hearing based on court stamp showing warrant returned two weeks prior to the warrant application; "Taylor's challenge to the combined discrepancies in the search warrant documents simply do not suffice to invalidate a warrant under *Franks*.").

Furthermore, Bowman's remaining allegations in support of his claim that the warrants were unauthenticated and fabricated are speculative and not supported by objective evidence to amount to sufficient proof of falsification under *Franks*.[3]

### B. *Ickes* Standard

Even under the less-demanding traditional standard of determining whether an evidentiary hearing is required as articulated in *United States v. Ickes*, 922 F.3d 708, 710 (6th Cir. 2019), Bowman is not entitled to an evidentiary hearing. *United States v. Dixon*, No. 21-6001, 2022 WL 2715702, at *3 (6th Cir. July 13, 2022) ("In reaching the conclusion that the district court did not abuse its discretion in denying Dixon an evidentiary hearing, we do not rely on the district court's application of the *Franks* standard to Dixon's claim. Because Dixon was not entitled to an evidentiary hearing even under the less-demanding traditional standard restated in *Ickes*, 922 F.3d at 710, we need not address whether the district court correctly concluded that *Franks* should apply to Dixon's claim."). Under *Ickes*, "'[a]n evidentiary hearing is required only if the motion is sufficiently definite, specific, detailed, and non-conjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question.'" *Ickes*, 922 F.3d at 710 (quoting *United States v. Abboud*, 438 F.3d 554, 577 (6th Cir. 2006)). *See also United States v.*

---

[3] Bowman's reliance on *Creech v. Pater*, 702 F. App'x 456 (6th Cir. 2017), in support of his arguments is misplaced. In *Creech*, the state court judge determined probable cause justified a warrant's issuance and signed the warrant, but failed to sign a command page. After execution of the search, the judge retroactively signed the command page. The Sixth Circuit specifically held that the plaintiff failed to state a claim that the detective violated Creech's Fourth Amendment rights because the judge's retroactive signature of a command page "did not destroy probable cause." *Id.* at 458-459. The state criminal case in *Creech* was dismissed pursuant to Ohio procedural law, not for a constitutional violation.

*Montgomery*, 395 F. App'x 177, 186 (6th Cir. 2010) ("A district court is required to hold an evidentiary hearing when the defendant has set forth contested issues of fact that bear upon the legality of" the government's conduct.).

This case is similar to *United States v. Dixon*. In *Dixon*, the defendant brought an appeal arguing that the search warrant in his case "was invalid because it had not been filed in a court before it was executed, and that in any event [he] had presented sufficient evidence requiring a hearing on whether the search warrant existed at the time his residence was searched." *United States v. Dixon*, No. 21-6001, 2022 WL 2715702, at *1 (6th Cir. July 13, 2022), cert. denied, No. 22-5327, 2022 WL 4657026 (U.S. Oct. 3, 2022). The defendant challenged the district court's refusal to hold an evidentiary hearing on his argument that law enforcement did not obtain a warrant to search his residence until months after the search had already been conducted. As evidence, the defendant cited to the absence of the warrant in the defendant's state-court file, the delay in the production of the warrant during discovery, and the absence of the file stamp on the warrant previously provided to the defendant in discovery. *Id*.

The Sixth Circuit rejected the defendant's argument that he was entitled to an evidentiary hearing on whether the search warrant actually existed before officers searched his residence finding that the defendant failed to "show that there was a question of fact about the existence of the search warrant at the time of the search." *Id*. at 2. Despite the absence of the search warrant in the defendant's state-court file, the Sixth Circuit examined copies of the search warrant affidavit and the search warrant produced by the United States noting that both bore a file stamp indicating they were filed in the record. The Sixth Circuit held that the absence of the warrant in Dixon's state-court file, the extensive delay by the government in producing the documents, and the fact that the search warrant and affidavit initially produced did not include a file stamp did not suggest that the documents were fabricated or that the documents did not exist at the time of the search.

*Id.* at *3. The Sixth Circuit affirmed the district court's denial of the evidentiary hearing stating that "'[a]n evidentiary hearing is required only if the motion is sufficiently definite, specific, detailed, and non-conjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question.'" *Id*. at *3 (quoting *Ickes*, 922 F.3d at 710).

Here, as in *Dixon*, Bowman's wife's averment that they did not receive the search warrant at the time of the search[4] coupled with the clerical error regarding the year on the time-stamps of the warrants do not suggest that the warrants were fabricated or that they did not exist at the time of the search. As discussed above, the search warrants and affidavits were filed in the case in September of 2020. In fact, Detective Browning's affidavit for the search of Bowman's cell phone was signed and notarized on August 31, 2020. Bowman's allegations of fabrication by the judge, the detectives, and the clerk's office staff are conjectural and do not enable the Court to conclude that contested issues of fact going to the validity of the search warrants are in question. Thus, even under this less-demanding standard, Bowman is not entitled to an evidentiary hearing.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Defendant, Christopher Bowman, for an evidentiary hearing and to dismiss the case [DN 23, DN 26] is **DENIED**.

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: counsel of record

November 10, 2022

---

[4] "[C]ourts have found that failing to present a search warrant or to leave it at the residence is a *ministerial* violation of Rule 41" and not a constitutional violation. *United States v. Johnston*, No. CR 2018-0018, 2022 WL 2982461, at *10 (D.V.I. July 27, 2022); *United States v. Pritchett*, 40 F. App'x 901, 907 (6th Cir. 2002); *Frisby v. United States*, 79 F.3d 29, 32 (6th Cir.1996); *United States v. Whitsell*, No. 09-20236, 2010 WL 2351497, at *2 (E.D. Mich. June 7, 2010).